**In re Raymond Walter YUNKER, Debtor.**

**No. 9:05–bk–01259–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

July 14, 2005.

Jeffrey W. Leasure, Fort Myers, FL, for Debtor.

*ORDER ON CHASE LUMBER & FUEL COMPANY, INC.'S MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE* (Doc. No. 15)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 case filed by Raymond Walter Yunker (the Debtor) is a Motion to Dismiss filed by Chase Lumber & Fuel Co., Inc., (Chase Lumber).

The facts relevant to the issues raised by Chase Lumber as appear from the record established at the Final Evidentiary Hearing are as follows:

The Debtor initially sought relief in this Court in October 31, 2002, when he filed his Petition for Relief under Chapter 7. Prior to the commencement of this case, the Debtor was sued by Chase Lumber in Wisconsin and Chase Lumber obtained a judgment against the Debtor on September 23, 2002. The Judgment was issued by the Circuit Court of Dane County, Wis-

consin, in the amount of $134,622.34 (Wisconsin Judgment). Shortly after the commencement of the Chapter 7 case, Chase Lumber started an adversary proceeding in this Court and in its Complaint sought a determination that the debt represented by the Wisconsin Judgment is a nondischargeable obligation based on Section 523(a)(4).

At the Final Evidentiary Hearing in the Chapter 7 case on the issue of dischargeability of the claim of Chase Lumber, this Court heard testimony of witnesses, considered the documents offered and accepted into evidence and entered its Findings of Fact, Conclusions of Law and Memorandum Opinion on December 2, 2003, and determined that the debt owed by the Debtor to Chase Lumber, based on the full amount of the Wisconsin Judgment, was a nondischargeable obligation. Based on those findings this Court entered a Judgment in favor of Chase Lumber and against the Debtor (Florida Judgment). In due course, the Debtor obtained his general discharge and his Chapter 7 case was closed on September 14, 2004.

The present case filed by the Debtor is a Petition under Chapter 13 and was filed on January 24, 2005. Chase Lumber promptly filed a Motion to Dismiss the Chapter 13 case based on its contention that this is merely a two-party dispute, the Plan of the Debtor is not feasible and the Plan has not been proposed in good faith. Chase Lumber holds 96% of the unsecured claims listed on the Debtor's schedules and Chase Lumber contends the filing was solely for the purpose of delaying and frustrating Chase Lumber in its efforts to enforce the collection of its nondischargeable judgment.

It appears that at the time the Debtor filed his original Petition under Chapter 7, he was a single man with no dependents. In October 2002 when he filed his Chapter 7, he had no income to fund a Chapter 13 Plan. Currently the Debtor is married and has one child, who is 21 months old and is now gainfully employed by Lennar Home, Inc. (Lennar Homes). According to the Debtor's 2000 tax return, he had income from home building and through real estate commissions of $75,645.00. (Debtor's Exh. 3). According to the Debtor's 2001 tax return, his gross income was $90,207.00. (Debtor's Exh.4). In the year 2002 the Debtor's income was $14,352.00 from Lennar Homes and he also received funds from his father in the amount of $29,875.00, for a total amount of $44,227.00. It is unclear whether the funds the Debtor received from his father were loans, gifts or commissions. The Debtor's income for the tax year 2003 (Debtor's Exh. 6) indicates income in the amount of $93,020.00 from Lennar Homes, and $9,182.00 from his father. (Debtor's Exh. 6). The income for the year 2004 was $69,557.00 from Lennar Homes and $21,458.00 from the Debtor's father. (Debtor's Exh. 7).

The Debtor's Amended Schedule I filed in this Chapter 13 case indicates an increase in his income to $90,000.00 gross. (Debtor's Exh. 10). According to the original Chapter 13 Plan, the Debtor proposed to pay in full a priority claim of the IRS in the amount of $6,774.00 and $823.00 for 60 months to general unsecured creditors, including Chase Lumber and any other claims which may have been filed and allowed. It appears so far that no other creditors have filed a proof of claim in this Chapter 13, most likely because all the other unsecured debts which the Debtor owed when he filed his first case have been discharged, with the exception, of course, of the judgment obtained against him by Chase Lumber.

The Plan now has been changed and the Debtor proposes to pay $2,000.00 a month

for 60 months or a grand total of $120,000.00. This would represent repayment of approximately 90% of the claim of Chase Lumber.

■ Basically these are all the facts which are relevant and, according to Chase Lumber, would warrant granting its Motion to Dismiss the Chapter 13 case. In support of its Motion, Chase Lumber contends it is well established that so-called "Chapter 20" cases must be viewed with skepticism and the Courts must apply a closer scrutiny in determining whether the Chapter 13 segment of a "Chapter 20" case meets the heightened "good faith" standard required by "Chapter 20" debtors. *In re Keach,* 225 B.R. 264, 267 (Bankr.D.R.I.1998). Chase Lumber also sites the case of *In re Soost,* 290 B.R. 116 (Bankr.D.Minn.2003). Both *Keach* and *Soost* state some general principles, but both of them considered good faith in the context of the confirmation process of a Chapter 13 Plan, and not when a debtor's right to seek relief under Chapter 13 is challenged immediately after the commencement of a case.

The fact of the matter is, in it's Motion Chase Lumber contends: (1) that the Plan has not been proposed in good faith; (2) that it violates 11 U.S.C. Section 1325(a)(3); (3) the Plan is not feasible and that it violates 11 U.S.C. Section 1325(a)(6); and (4) the Plan has been proposed for delay.

■ There is a problem with the position urged by Chase Lumber. First, this is not the confirmation hearing, and the Court is not considering whether a Plan could or could not be confirmed. The Court is considering merely whether or not the Chapter 13 case should be dismissed because it wasn't filed in good faith. Second, it is clear that the Debtor is eligible for relief under Chapter 13 pursuant to Section 109(e) of the Code. The

mere fact that the Debtor has a previous Chapter 7 case has only an indirect significance and relevance to the good faith, vel non, of the Debtor seeking relief under Chapter 13.

■ The Debtor's fraudulent conduct, which was the basis of this Court's Florida Judgment entered in the Chapter 7 case, is not sufficient by itself to support the finding of bad faith in which the Debtor seeks in a Chapter 13 case to discharge a debt which was declared to be nondischargeable in the preceding Chapter 7 case. It is true that liberal application of the relief available under Chapter 20 would be a perversion of the Code. A Debtor should not obtain judicial approval when it seeks to avoid paying a nondischargeable obligation by offering the creditor virtually nothing in a subsequent Chapter 13 case. Clearly changed circumstances in the financial affairs of a Debtor are a factor to be considered, together with the proposed Plan should be considered in evaluating the lack of good faith charged against the Debtor who seeks relief under the liberal discharge provisions of Chapter 13.

The Eleventh Circuit in the case of *In re Kitchens,* 702 F.2d 885 (11th Cir.1983) considered the issue of good faith but, again, in the context of the confirmability of a Plan proposed by the debtor. As noted earlier, confirmation is not an issue before the Court at this time.

In dealing with the potential abuse of the system by debtors, courts have formulated certain factors which should be considered in determining the existence of good faith in a Chapter 13 confirmation process. Some of them are also applicable in evaluating the good faith, absence of same, by a debtor who files a Chapter 13 Petition following a previous Chapter 7 case in which the debtor obtained a general discharge except for a large claim which

was declared to be nondischargeable. A changed circumstance in a financial condition in the affairs of a debtor is a significant factor, and so is the honesty of a debtor to deal with a nondischargeable obligation.

This record more than supports the finding that the financial affairs of the Debtor substantially changed from those which existed when he filed his Chapter 7 Petition in 2002. In this instance, unlike in the case of *Keach* the Debtor proposes a substantial repayment of the claim of Chase Lumber. This is not an instance where the Debtor could have initially filed a Chapter 13 case but elected not to do so hoping that he would be able to discharge the Wisconsin Judgment obtained by Chase Lumber. This Chapter 13 case is unlike the case of *Soost* where the Court held that the decision of the debtor in that case and his self-interested strategy caused consideration litigation expense and delay and there was no apparent reason why the debtor could have initially filed a Chapter 13 and proposed a treatment for the judgment creditor's claim similar to that he is proposing now. Thus, in the last analysis based on a substantially changed financial circumstances of the Debtor, this Court is satisfied that the Motion of Chase Lumber challenging the Debtor's right to obtain relief under Chapter 13 is premature and the Motion based on a bad faith filing is without merit. Therefore, this Court is satisfied that this Motion to Dismiss the Chapter 13 case before the Debtor is permitted to propose a Plan which, apparently, will offer approximately 90 cents-on-the-dollar in repayment of the claim of Chase Lumber, is not well taken and should be denied.

In due course, Chase Lumber will have an opportunity to object to the Confirmation of the Chapter 13 Plan proposed and, of course, the burden will be on the Debtor to establish that it meets all the requirements for confirmation as set forth in 11 U.S.C. Section 1325(a), et seq.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Chase Lumber & Fuel Company, Inc.'s Motion to Dismiss Debtor's Bankruptcy Case (Doc. No. 15) be, and the same is hereby, denied.